UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

       v.                                     05-CR-0572

ARIEL LIRIANO-BLANCO,

                           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **MEMORANDUM-DECISION and ORDER**

Upon his entry of a guilty plea to the offense of unlawfully attempting to re-enter the United States after having previously been removed following his conviction of an aggravated felony, Defendant was sentenced to 46 months imprisonment.  See United States v. Liriano-Blanco, — F.3d. —, —, 2007 WL 4302708 (2d Cir. Dec. 11, 2007).  On appeal, the Second Circuit remanded the matter to this Court for a determination of a proper sentence in light of the fact that Defendant waived his right to appeal and, therefore, Defendant could not challenge this Court's determination whether to use the fast-track sentencing disparity as a sentencing factor.

Upon reconsideration, the Court takes into consideration the factors set forth in 18 U.S.C. § 3553(a) and, in particular, § 3353(a)(1), (a)(3), (a)(4) and (a)(6).  As the Court previously found, a Criminal History Category of IV overstates Defendant's conduct and, therefore, departs to a Criminal History Category of III.  By doing so, Defendant is in a guideline range of 46-57 months.  The Court finds, however, that a further two-level reduction is warranted based on: (1) Defendant's family circumstances (providing for his own two

children as well as his girlfriend's child from a prior relationship); (2) the lack of availability of

a fast-track program and the disparity caused thereby;[1] (3) the speed with which Defendant

admitted to his crime; (4) Defendant's forthrightness with law enforcement; (5) the lack of any

indication that Defendant intended to re-enter the United States to commit further crimes; (6)

the fact that Defendant will be deported after his sentence; (7) Defendant's vow not to return

to the United States; and (8) the length of time between the commission of the underlying

aggravated felony and the attempted re-entry.

For the foregoing reasons, the Court finds that Defendant is properly categorized in

Criminal History Category III, offense level 19 and that a sentence of 37 months incarceration

is appropriate.  Accordingly, Defendant is hereby sentenced to a term of 37 months

incarceration.  The Clerk of the Court should amend the judgment accordingly.

IT IS SO ORDERED.

Dated:January 16, 2008

Thomas J. McAvoy
Senior, U.S. District Judge

---

[1] Because Congress explicitly created potential sentencing disparities through the fast-track
program notwithstanding 18 U.S.C. § 3553(a)(6), the Court finds that any sentencing disparities
caused by the unavailability of the fast-track program alone is an insufficient basis upon which to
depart from the guidelines.